STATE OF NEW JERSEY, EX REL. MARGARET SHINE AND CORNELIUS SHINE, HER HUSBAND, RELATORS, v. DISTRICT COURT OF THE CITY OF ORANGE ET AL.

Submitted July 5, 1911—Decided November 15, 1911.

The increase in fees, by virtue of section 215 of the act of 1910, to be paid to jurors summoned to serve in a District Court, does not thereby authorize the clerk to demand more than $5.75 for a *venire* for a jury of twelve men.

---

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices GARRISON, TRENCHARD and KALISCH.

For the relators, *William A. Lord.*

For the defendants, *Smith & Dugan.*

The opinion of the court was delivered by

KALISCH, J.   This is a rule to show cause why a peremptory or alternative *mandamus* should not issue commanding and enjoining the District Court of the city of Orange, and the judge and clerk thereof, to issue a *venire* to try the issue in an action brought by the relators against the Public Service Railway Company, upon the said relators tendering and paying to the clerk of said court the sum of $5.75.   Testimony was taken under the rule and it raises the single inquiry whether the relators are entitled, under the act of 1910, to the issuance of a *venire*, upon the tender and payment of $5.75.

By section 214 of the District Court act (*Pamph. L.* 1906, *p.* 550) it is expressly provided:   "In all actions which may be brought by virtue of this act the following and no other fees shall be paid to the clerks of said court;" then follows a schedule of fees, among which is, "*venire facias*, jury of twelve men, $5.75."

This section 214 of the act of 1906 is amendatory of section 214 of an act entitled "An act to amend an act entitled 'An act concerning district courts' (Revision of 1898)."

Section 215 of the act of 1898 reads:   "From the foregoing (referring to the schedule of fees) shall be paid by the clerk to the following persons."   Then follows a detailed statement how and in what proportion the fees should be distributed and among whom.

Section 215 was amended by the act of 1910 (*Pamph. L., p.* 247) entitled "An act to amend an act entitled 'An act concerning district courts' (Revision of 1898)."

This amended section, like the original one of the act of 1898, reads:   "From the foregoing (referring to the schedule fees, among which is, '*venire facias*, jury of twelve men, $5.75)' shall be paid by the clerk to the following persons."   This is followed by a schedule of fees to be paid to various individuals and therein is contained the item:   "Jurors—for all cases tried [per man] 75."

Since, by virtue of the amendment of the schedule of fees to be paid to jurors, each juror is to receive fifty cents more than under the old schedule of twenty-five cents, it follows, as

a matter of course, that a panel of twelve jurors will cost $6 more than formerly, and because of this, it is insisted by the counsel for the defendants that although section 214 expressly provides that $5.75 shall be the fee paid to the clerk for a *venire* for a jury of twelve men, yet, nevertheless, the amendment, by fair implication, raised the *venire* fee from $5.75 to $11.75.

The answer to this contention of counsel for defendants is that the legislature has expressly declared, by section 214, that $5.75, and no more, shall be paid to the clerk for a *"venire facias,* jury of twelve men."

It would require a most violent wrenching of legal principles, applicable to statutory interpretation, to hold that, because the legislature provided that the clerk shall pay to each juror seventy-five cents, instead of twenty-five cents, that, therefore, by necessary implication, the *venire* fee for a jury of twelve men has been raised from $5.75 to $11.75, despite the explicit command in section 214 of the act that the clerk shall receive no more than $5.75 for a *"venire facias,* jury of twelve men."

In this connection, it should be pointed out that section 214 is wholly concerned with what fees the clerk shall receive from the litigants for the various matters mentioned therein; while section 215 relates wholly and exclusively to what fees the clerk shall pay to various individuals. The purposes of the two sections are manifestly distinct and separate. It would, therefore, follow that a change in the fees, to be paid out by the clerk, by a legislative enactment, cannot, in any way, affect the fees which the clerk is entitled to receive under section 214 of the act. This leads to the conclusion that the amendment of section 215 of the act of 1910, which raises the fees to be paid to jurors, does not authorize the clerk to demand more than $5.75 for a *venire* for a jury of twelve men.

The facts being undisputed, and the law being with the applicants, a peremptory writ of *mandamus* should issue, with costs. *American La France Engine Co.* v. *Seymour,* 50 *Vroom* 92.