## SECOND JUDICIAL DISTRICT COURT, ESSEX COUNTY.

JOHN GUGLUIZZA, TRADING AS SANITARY FISH MARKET, PLAINTIFF, v. EMBASSY COUNTRY CLUB, INC., A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided February 26, 1940.

For the plaintiff, *George Anderson* and *George N. Foster.*

For the defendant, *Harold H. Fisher.*

MASUCCI, D. C. J.   In the above matter, the question has been raised as to the proper fees to be charged to a litigant demanding a trial by jury, where limited to six men and, incidentally, the question has arisen as to the amount to be paid to the summoned jurors and from what fund said fees are to be paid.

*R. S.* 1937, 22:2-44, which regulates the fees to be paid to the clerk, has the following provision on the amount to be paid to the clerk by the demanding litigant: *"Venire facias,* jury of six, four dollars."   Aside from the clarity of the provision itself, the case of *Shine* v. *District Court,* 82 *N. J. L.* 147; 81 *Atl. Rep.* 499, disposed of a similar question by holding that such provision is controlling even though the amount to be paid by the clerk for summoning and for fees to said jurors for attendance and trial, is in excess of the amount required to be paid to the clerk by the demanding litigant, for trial by jury.

The clerk is, therefore, directed to summon a jury upon the payment of a jury fee of four dollars ($4).

The incidental question of the amount to be paid to the jurors for their attendance and service is governed by *R. S.* 1937, 22:2-46, which provides that from the fees mentioned in *R. S.* 22:2-44, the clerk shall pay to the jurors the following fees:

"For all cases tried, each seventy-five cents. For all cases summoned and attending, but cause not tried, each twenty-five cents."

It is thought that the above section is modified by *Pamph. L.* 1939, *ch.* 183, *p.* 537, § 1, the pertinent provisions of which are as follows:

"When a jury of twelve is required, fifteen jurors shall be summoned, *which said fifteen jurors shall be paid the fees FIXED BY LAW whether or not actually called for service* and when a jury of six is required, eight jurors shall be summoned, without regard to sex."

Although apparently said latter act attempted to modify the provisions of *R. S.* 22:2-46, so that all jurors summoned, in a case where twelve jurors were required, would be paid an equal amount whether or not actually called for service, it does not in fact do so. It does not purport to be an amendment of said *R. S.* 22:2-46. It refers thereto as the law under which said fees are to be paid; it does not specify under which of two classifications, provided by *R. S.* 22:2-46, said fees are to be paid and, with particular reference to a six-man jury, it does not even attempt to change the existing provisions of *R. S.* 22:2-46, above mentioned.

The practice has been, I am informed, to pay seventy-five cents to each juror actually called, attending and serving in the trial of the case in which they were summoned and, the sum of twenty-five cents to each juror called and attending court, but not serving in the trial of the case in which they were summoned.

A strict and proper construction of the provisions of *R. S.* 22:2-44 requires the payment of seventy-five cents to each of the fifteen jurors summoned and attending court, if the case, in which they were summoned, is tried and, if not tried, each

of said fifteen jurors is entitled to twenty-five cents. It may be that the legislature intended to correct the practice and more expressively provide that all fifteen jurors summoned, should be paid seventy-five cents each, even though at least three of them were not actually called for service in the trial of the case in which they were summoned. However, whatever the legislative intention, it did not, in fact, amend or modify *R. S.* 22:2-46 by the provisions of the 1939 act, above mentioned.

The clerk is, therefore directed to pay all jurors the sum of seventy-five cents whether said jurors are actually called for service or not, if the jurors are summoned and attend court and the case, in which they are summoned, is tried.

With reference to the fund from which the clerk is to pay the jurors' fees, *R. S.* 22:2-46, directs that the same are to be paid from the fees received by said clerk under *R. S.* 22:2-44 of said act. It does not restrict the payment thereof to the jury fees, collected by the clerk, either in the particular case or otherwise.

The clerk is, therefore, authorized and directed to pay said jury fees from all fees received by him under the provisions of *R. S.* 22:2-44 of said act.